UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 12-21-KSF

SHIRLEY REED                                                                               PLAINTIFF

V.                                              **OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                                          DEFENDANT

* * * * * * * * * *

The plaintiff, Shirley Reed, brought this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of an administrative decision of the Commissioner of Social Security denying her

claim for Supplemental Security Income.  The Court, having reviewed the record, will affirm the

Commissioner's decision, as it is supported by substantial evidence.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Reed filed her claim for benefits on May 26, 2009, alleging an onset date of May 1, 2005 [TR

130-136].  Her claim was denied initially on September 9, 2009, and again on reconsideration on

October 6, 2009.  She then filed a written request for a hearing before an Administrative Law Judge

("ALJ").  After the hearing, the ALJ issued an unfavorable decision on December 27, 2010 [TR 12-

22].

At the time the ALJ rendered her decision, Reed was 46 years old. [TR 130].  She has an

eighth grade education, and has past work experience as an inspector, nurse's aid, pocket setter, and

sewer. [TR 157, 161].  She claims that she became disabled on May 1, 2005 due to a September

2004 car accident resulting in injuries to her back and neck [TR 153].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3)     If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)     If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)     Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.*   The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

2

The ALJ began her analysis at step one by determining that Reed has not engaged in any substantial gainful activity since her application date [TR 14]. At step two, the ALJ determined that Reed suffers from the following severe impairments: disc bulge at L4-L5 with some compromise of the L4-L5 foramen; chronic upper respiratory infections; and anxiety [TR 14]. Continuing on to the third step, the ALJ determined that Reed does not have an impairment or combination of impairments that meets or medically equals in severity any of the listed impairments [TR 14].

The ALJ then found that, based on the medically determinable evidence, Reed has the residual functional capacity ("RFC") to perform the exertional requirements of medium work, with the following limitations: she can only lift, carry, push and pull up to 50 pounds at a time; she can stand and walk for six hours in an eight-hour workday; she can sit for six hours in an eight-hour workday; never climb ladders, ropes, or scaffolds; she has limited near and far acuity; and she must avoid concentrated exposure to hazards. Additionally, the ALJ determined that Reed can understand and remember simple and detailed instructions and procedures, can sustain attention, concentration and pace for simple task completion with regular tolerances for two-hour blocks of time, can interact adequately with peers and supervisors for task completion and an at least occasional basis with the public, and can adapt to work demands and situational changes given reasonable support [TR 16].

At step four, the ALJ determined that Reed does not have any past relevant work. However, after hearing testimony from the Vocational Expert ("VE"), the ALJ determined that based on Reed's RFC, age, education and experience, there are other jobs existing in significant numbers in the national economy that Reed could perform. Accordingly, the ALJ determined that she was not disabled at step five [TR. 20-21].

The ALJ's decision that Reed is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on December 7, 2011. [TR 1]. Reed has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

## II.   GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## III.   ANALYSIS

On appeal, Reed argues generally that the ALJ's decision is not supported by substantial evidence and was not decided by proper legal standards. She first contends that the ALJ erred by

4

failing to give controlling weight to the opinion of Brian Banks, M.D., her treating physician.  Next, Reed argues that the ALJ failed to consider the combined effects of her impairments.

The Court turns first to the ALJ's decision to reject the opinion of Dr. Banks, Reed's treating physician.  Generally, the ALJ must give controlling weight to the opinion of a treating source.  *See* 20 C.F.R. § 416.927(c).   However, the ALJ may decline to give controlling weight to a treating source's opinion when it is inconsistent with other substantial evidence or not supported by medically acceptable clinical and laboratory diagnostic techniques.  *See*. 20 C.F.R. § 416.927(c)(2). When weighing the opinion of a treating source, the ALJ must consider the examining relationship, the length of treatment, whether medical signs and laboratory findings support the opinion, the opinion's consistency with the record, and the source's specialization.  *See* 20 C.F.R. § 416.927(c). Should the ALJ decline to give controlling weight to a treating source's opinion, the ALJ must give "good reasons" for this decision.  *Rabbers v. Commissioner of Social Security*, 582 F.3d 647, 660 (6th Cir. 2009).

Here, the ALJ declined to give controlling weight to the disabling opinion of Dr. Banks.  In rejecting his opinion, the ALJ stated as follows:

> The claimant's treating physician, Brian S. Banks, M.D., opined on June 28, 2010 that the claimant could stand and sit for two hours each in an eight-hour day, while also opining that the claimant could only work for two hours per day.  This undersigned notes that this statement is internally inconsistent.  Dr. Banks further opined that the claimant could lift 10 pounds occasionally and five pounds frequently; could bend, squat, crawl, climb, and reach above shoulder level occasionally; had moderate restriction from unprotected heights and moving, and required a sit/stand option every 15 minutes.  The longitudinal office notes and treatment record from Dr. Banks do not support the limitations he opined.  Because of this lack of support and the internal inconsistency noted above, the undersigned has given Dr. Banks' opinion no weight.

[TR 20].  Instead, the ALJ relied, in part, on a consultative examination by Dr. Nicole E. Yarber who examined Reed in August 2009 and observed her strength was "5/5" [TR 336].  She noted that Reed had a "[n]ormal" gait and could "rise from a sitting position without assistance, stand on tiptoes, heels and tandem walk without problems" [TR 33].  Furthermore, Dr. Yarber observed that her range of motion was largely normal, although lumbar flexion was reduced [TR 337].  Based on this examination, Dr. Yarber opined that Reed could "sit, walk and/or stand for a full workday with adequate breaks[] [and] lift/carry objects without limitations" [TR 336].

While Reed complains that Dr. Yarber did not have her complete file and did not review any records after her examination, this is only one of many factors to be considered by the ALJ.  *See* 20 C.F.R. 416.927(c).  Importantly, Dr. Yarber's opinion was consistent with other evidence in the record, including the opinion of Dr. Diosdado Irlandez, a state agency medical consultant.  State agency medical consultants are experts in Social Security disability programs, and their opinions may be entitled to great weight if supported by the evidence.  *See* 20 C.F.R. § 416.927(f)(2)(i). Dr. Irlandez reviewed the evidence in October 2009 and determined that Reed could perform medium work subject to several additional limitations [TR 388-94].

While Dr. Banks has treated Reed over a lengthy period of time, a review of his office notes and treatment records simply does not support his restrictive opinion.  For example, Dr. Banks bases his disabling opinion on "low back pain," but he repeatedly described her pain as "mild" during the relevant period. [TR 425, 354, 352, 419, 415, 406, 408].  Additionally, he described her low back pain symptoms as "essentially stable" in March 2010 [TR 415].  Medical records also fail to support Dr. Banks' opinion.  A February 2008 MRI of Reed's lumbar spine only showed "minimal" or "slight" compromise of her foramen [Tr 316].  Although Dr. Banks observed that Reed had a "[m]ild

6

deformity" in her legs in June 2010 [TR 406], he otherwise stated that they were "neurovascularly intact" multiple times during visits in 2009 and 2010 [TR 352, 425, 419, 415].   Additionally, as the ALJ noted, Dr. Banks determined that Reed's range of motion was "normal" in July 2009 [TR 354], September 2009 [TR 352], December 2009 [TR 419], March 2010 [TR 415], and June 2010 [TR 406, 408].

Reed declined pain management or surgical intervention in November 2009 [TR 423].  She reported that Lortab was "helping her a lot" in June 2008 [TR 244].  When asked to rate her pain, she stated "0 over 10" in September 2009 [TR 352], December 2009 [TR 419], March 2010 [TR 415], and June 2010 [TR 408].  These findings, when reviewed in their totality with all the treatment notes and medical records, simply do not support Dr. Banks' June 2010 assessment of Reed's back pain.

Furthermore, as pointed out by the ALJ, Dr. Banks' opinion is contradictory.  Although he stated that Reed could sit for 2 hours and stand for 2 hours in an eight-hour day, Dr. Banks opined that she could only work for two hours [TR 395].  This inconsistency, when coupled with the lack of support for his limitations in his office and treatment notes, provides further support for the ALJ's decision.

Thus, based on a review of the entire record, the Court finds that substantial evidence supports the ALJ's decision to reject the opinion of Dr. Banks.  Moreover, the decision of the ALJ clearly sets out "good reasons" for rejecting this treating source.  Accordingly, Reed's argument on this point fails.

The Court now turns to Reed's argument that the ALJ failed to consider the combined effects of her impairments.  She contends that while the ALJ separately considered multiple impairments,

7

she failed to take into account the combined effect of these impairments. However, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the impairments in combination, where the ALJ specifically refers to a combination in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990)(quotations omitted). Here, the ALJ discussed Reed's reported symptoms, the medical findings, and various diagnoses to determine that she had severe impairments, but no "impairment or combination of impairments" that met or equaled a listed impairment [TR 14]. This finding is sufficient to show that the ALJ considered the combined effect of Reed's impairments. *See Loy*, 9091 F.2d at 1310.

Accordingly, Reed has failed to establish entitlement to Supplemental Security Income. As set forth above, a review of the entire record reveals that substantial evidence supports the ALJ's RFC finding and that the VE identified jobs that would be compatible with her individual vocational characteristics and RFC. In conclusion, the decision of the ALJ that Reed is not disabled is supported by substantial evidence and was made pursuant to the proper legal standards.

## IV.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)     the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2)     the defendant's motion for summary judgment [DE #11] is **GRANTED**;

(3)     the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards;

(4)     a judgment consistent with this Opinion & Order will be entered contemporaneously.

This October 4, 2012.



**Signed By:**

***Karl S. Forester*** $KSF$

**United States Senior Judge**